## PETITIONER, F.

v.

## RESPONDENT, R.

Superior Court of Delaware,
New Castle County.

Submitted April 11, 1980.

Decided April 24, 1980.

Eliot Alazraki, and Joel D. Tenenbaum, Wilmington, for petitioner.

Alene S. Berkowitz, and Garry G. Greenstein, of Knecht, Greenstein, Schagrin & Berkowitz, Wilmington, for respondent.

### OPINION

WRIGHT, Judge.

On December 6, 1977, the Respondent gave birth to a child. On the child's birth certificate the Respondent's husband, who is not a party to this proceeding, is named as the father of the child.

On December 8, 1977, the Petitioner filed a petition in the Family Court for custody or visitation rights contending that he is the biological father of the child.

The Family Court dismissed the petition on the ground that the Petitioner had no standing to maintain it. This appeal followed.

The case comes here on the narrow issue of the question of the Petitioner's standing before the Family Court. However, the only chance for the Petitioner to prevail on this question is for him to demonstrate that he or someone in similar circumstances could prevail on the merits of a petition such as was filed below. I am convinced that sound public policy compels the legal conclusion that no one could so prevail.

No existing legal precedent has guided me to the conclusion reached above because no case of this kind has ever been presented to any other Court anywhere, however, the legal system is quite familiar with the necessity of solving new problems by the application of old principles.

More than two hundred years ago Lord Mansfield said, "The law of England is clear that the declarations of a father or mother cannot be admitted to bastardize the issue born after marriage .... it is a rule founded in decency, morality, and policy ..." *Goodnight v. Moss*, 98 Eng. Reprint 1257 (1777).

If this was the law of England then it is certainly the law of Delaware now, and if a lawfully married couple cannot be heard to bastardize a child born during their marriage, certainly one who is a stranger to the marriage cannot, regardless of the fact that he may not have been a stranger to the child's mother.[1]

It is not uncommon in our society for a child to have two fathers; a biological father with no parental rights and a legal father with total parental rights. One need

---

1. There have been exceptions to Lord Mansfield's original rule in cases where the facts were extremely strange and unusual but these exceptions have no pertinence here. See: 1 Blackstone, Commentaries, * 457–458 (1765).

only consider the many cases of children who have been adopted.

To grant standing to this Petitioner in the Family Court to present his petition would infer the possibility of success and such success could lead only to one intolerable result; degradation of the mother, humiliation of the legal father and confusion of the child.

The judgment of the Family Court is affirmed.

IT IS SO ORDERED.